**Slip Op. 00-47**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| _____ : | |
| THAI PINEAPPLE CANNING INDUSTRY : | |
| CORP., LTD., and MITSUBISHI : | |
| INTERNATIONAL CORP., : | |
| : | |
| Plaintiffs, : | Court No. 98-03-00487 |
| : | |
| v. : | |
| : | |
| THE UNITED STATES, : | |
| : | |
| Defendant, : | |
| : | |
| and : | |
| : | |
| MAUI PINEAPPLE CO., LTD., and : | |
| INTERNATIONAL LONGSHOREMEN'S AND : | |
| WAREHOUSEMEN'S UNION, : | |
| : | |
| Defendant-Intervenors. : | |
| _____: | |

[ITA remand results affirmed.]

Dated: April 27, 2000

Dickstein Shapiro Morin & Oshinsky LLP (Arthur J. Lafave III, Douglas N. Jacobson and Patricia M. Steele) for plaintiffs.

David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Lucius B. Lau), Christine E. Savage, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

Collier, Shannon, Rill & Scott, PLLC (Paul C. Rosenthal and David C. Smith, Jr.) for defendant-intervenors.

**OPINION**

**RESTANI, Judge:** Before the court are Commerce's final results pursuant to a second court remand, dated March 10, 2000. See Final Results of Redetermination Pursuant to Court Remand: Thai Pineapple Canning Industry Corp., Ltd. v. United States, Court No. 98-03-00487 [hereinafter "Remand Results"]. The court issued its initial opinion in this case on May 5, 1999, remanding the final results of the Department of Commerce, International Trade Administration ("Commerce" or "the Department") in Canned Pineapple Fruit from Thailand, 63 Fed. Reg. 7,392 (Dep't Commerce 1998) (final results of antidumping duty admin. rev.). See Thai Pineapple Canning Indus. Corp. v. United States, No. 98-03-00487, 1999 WL 288772 (Ct. Int'l Trade May 5, 1999). The court affirmed the first remand results in part, but reversed Commerce's decision to use contract date as the date of sale for third country sales. The court directed Commerce to recalculate the dumping margin using invoice date for date of sale purposes. See Thai Pineapple Canning Indus. Corp. v. United States, No. 98-03-00487, 2000 WL 174986 at * 2 (Ct. Int'l Trade Feb. 10, 2000).

Commerce has now recalculated the dumping margin in accordance with this court's instructions. Plaintiffs, Thai Pineapple Canning Industry Corp., Ltd. and Mitsubishi International Corp., do not contest the revised margin

calculation of 14.17 percent.  There are therefore no contested issues regarding the margin calculation on remand.

Plaintiffs request that the court order Commerce to instruct Customs to "(1) use the correct importer-specific assessment rates to liquidate entries during the period January 11, 1995 through June 30, 1996; and (2) apply the recalculated weighted-average rate of 14.17 percent to liquidate entries during the period February 13, 1998 through June 30, 1998."  Pl.'s Comments on Final Results of Redetermination Pursuant to Court Remand at 2-3.  Commerce has already stated that it would "issue appropriate instructions . . . upon the Court's affirmance of these results of redetermination and the lifting of the injunction."  Remand Results at 2.

The court enjoined liquidation of the relevant entries entered for consumption during the period January 11, 1995 through June 30, 1996, and the period February 13, 1998 through June 30, 1998.  See Thai Pineapple Canning Indus. Corp. v. United States, No. 98-03-00487 (Ct. Int'l Trade April 21, 1998) (order granting preliminary injunction) and Thai Pineapple Canning Indus. Corp. v. United States, No. 98-03-00487 (Ct. Int'l Trade August 18, 1998) (order granting preliminary injunction).  Both orders noted that the entries would be liquidated in accordance with the court's final decision, pursuant to 19 U.S.C. § 1516a(e) (1994).  Section 1516a(e) provides that entries which have been

enjoined by the court pursuant to a request for preliminary injunction, "shall be liquidated in accordance with the final court decision in the action."

Because the entries have yet to be liquidated, there is no "actual injury" for the court to address, and the court is only empowered to decide live cases or controversies.  See Verson, a Div. of Allied Prods. Corp. v. United States, 5 F. Supp.2d 963, 966 (Ct. Int'l Trade 1998) (court does not have power "to render an advisory opinion on a question simply because [it] may have to face the same question in the future") (citation omitted).  The court will not presume that Commerce will fail to comply with this court's orders, but rather presumes that the entries will be liquidated in accordance with 19 U.S.C. § 1516a(e).  Therefore the court need not issue an order as requested by plaintiffs at this time.

Accordingly, the court affirms the Remand Results addressed herein.

_____
                     Jane A. Restani
                          JUDGE


Dated:  New York, New York

       This 27th day of April, 2000.